## MISSISSIPPI VALLEY BARGE LINE CO. v. STANOLIND OIL & GAS CO.

### No. 832.

United States District Court
S. D. Texas, Houston Division.

April 18, 1950.

Fulbright, Crooker, Freeman & Bates, Carl G. Stearns and Sweeney J. Doehring, of Houston, Tex., for libellant.

Royston & Rayzor, Robert Eikel, of Houston, Tex., for respondent.

KENNERLY, Chief Judge.

This is a suit in personam by libellant against respondent, seeking to recover damages from respondent alleged to have been caused to libellant's open steel hopper barge No. CTC 422 on or about June 20, 1947, by a collision which occurred on that date on the Intracoastal Canal, between libellant's said barge and a barge owned by respondent known as Barge 1372.

Respondent's Barge No. 1372 was moored in and on the north side of the Intracoastal Canal, a short distance east of the intersection of the Intracoastal Canal and Warren Canal. Libellant's Barge CTC 422 was one of a tow of five barges being towed east on the Intracoastal Canal by the Tug H. T. DeBardeleben, and the CTC 422 collided with respondent's Barge No. 1372. Respondent, an oil and gas company, claims that it was drilling a well for oil near Warren Canal a few miles north of the Intracoastal Canal, and that such well was about to blow out and become unmanageable and dangerous, and that respondent arranged for its Barge No. 1372, which had on board a drag line and other machinery to be used in the handling of such well, to be brought through the Intracoastal Canal and Warren Canal to the site of the well. That when the tug which had such Barge No. 1372 in tow reached the Warren Canal, it was found that the water in Warren Canal was so shallow that such tug could not carry such barge up Warren Canal. Hence it was moored to the north bank of the Intracoastal Canal at the point where such collision occurred.

Libellant claims that it was unlawful for respondent to moor such barge in the Canal and that respondent was negligent. Respondent claims that it was moored there temporarily in an emergency, and that it was not negligent in so doing. Respondent also alleges that libellant's barge CTC 422 was being negligently towed at the time of the collision.

The facts are substantially as follows:

(a) The Code of Federal Regulations, Title 33, Article 207.180, is as follows:

"(e) Waterways—(1) Fairway. A clear channel shall at all times be left open to permit free and unobstructed navigation by all types of vessels and rafts that normally use the various waterways or sections thereof. The District Engineer may specify the width of the fairway required in the various waterways under his charge.

950

"(2) Anchoring or mooring in waterway. No vessel or rafts shall anchor or moor in any of the land cuts or other narrow parts of the waterway except in an emergency. Whenever it becomes necessary for a vessel or raft to stop in any such portions of the waterway, it shall be securely fastened to one bank and as close to the bank as possible. This shall be done only at such a place and under such conditions as will not obstruct or prevent the passage of other vessels or rafts. Stoppages shall be only for such periods as may be necessary.

"(i) Except temporarily, as authorized above, no vessel or raft will be allowed to use any portion of the fairway as a mooring place without written permission from the District Engineer.

"(iii) Lights shall be displayed in accordance with provisions of the Federal Pilot Rules.

"(iv) Whenever any vessel or tow is moored to the bank, as authorized above, at least one crew member shall always remain on board to see that proper signals are displayed and that the vessel or tow is properly moored at all times."

■■■ I find that under the evidence here there was no such emergency as would exempt respondent from the operations of such Regulations. Also that respondent was negligent in mooring its barge in the Canal, and its negligence was a proximate cause of the collision.

(b) Respondent in its answer claims that such collision was caused by the fault and negligence of the Tug H. T. DeBardeleben, which had libellant's barge in tow, and those in charge of such tug, in the particulars named in such answer.

I find that such tug and those in charge of her were negligent (which negligence was a proximate cause of such collision) in the following particulars:

She was at fault in attempting to tow so many barges under the conditions of wind and water there prevailing.

She failed to keep her tow in line.

She proceeded at too great speed.

She failed to keep upon her own right hand side of the narrow channel.

She failed to stop, break up her tow, and take by the other vessels present her empty barges and unwieldly tow singly or in sufficient numbers so that she could manage these barges with safety to herself and others.

After seeing the circumstances and the necessity for proceeding slowly and to keep her tow under control, she navigated recklessly and at a considerable speed and failed to keep her tow under control.

After danger of collision was or should have been apparent, she failed to take proper precautions to avoid collision.

The parties have already stipulated that if respondent be found liable, the damages shall be divided fifty-fifty between libellant and respondent. I find respondent to be liable, but since there was negligence in the navigation of libellant's barge, the parties are right in stipulating for divided damages. The judgment will be entered accordingly for divided damages.